In the Matter of John S. Adriance, an Alleged Incompetent, Petitioner.

Supreme Court, New York County, January 17, 1928.

**Insane persons — proceeding to determine competency — application for discharge of committee delayed until report of referee on mental condition of petitioner.**

The petitioner was adjudged an incompetent in 1924 and now seeks to have his committee discharged and to have his property restored to him, on the ground that he has recovered his sanity. The affidavits show some doubt as to the mental condition of the petitioner, and all parties appear to be willing to have a thorough investigation. Therefore, a determination of the application is held in abeyance until the report of referee and a special guardian can be received, who will make a thorough investigation of petitioner's mental condition.

Motion by an incompetent for the discharge of the committee appointed and for the restoration of his property.

*Harvey O. Dobson*, for the petitioner.

*Sheppard, Jones & Seipp*, for American Exchange Irving Trust Company, committee of the property, in opposition.

Levy, J. This is a motion by one Adriance, who was adjudged incompetent by a sheriff's jury in August, 1924, for the discharge of the committee appointed and for the restoration of his property. He claims that at all events he is now sane and affidavits by two alienists, Dr. Hicks and Dr. Kirby, are submitted in support of the application, stating their respective opinions that the petitioner is capable of managing his affairs, and that he has recovered fully from the previous condition of lunacy which he is reported to have had. *The income of Adriance appears to be in excess of $40,000 per year.* In behalf of one of the committee, the American Exchange Irving Trust Company, an affidavit is submitted by one of its attorneys which reveals that the incompetent has been paroled in the custody of the committee of his person, that there has been considerable doubt as to the correctness of the diagnosis of the incompetent's illness, and as a result the committee has itself had examinations of the incompetent made by various psychiatrists. It is perhaps unnecessary to go more fully into the answering affidavits. Suffice it to say that at the time this application was made, the committee's psychiatrists had not made up their minds fully as to the condition of the alleged incompetent and were intending to make a further examination during this month. One of the committee's psychiatrists expresses the opinion that it

would be unwise to permit the patient at large without some adequate supervision, and this conclusion is apparently concurred in by one of his associates.

The petitioner's attorney upon the oral argument and in a memorandum suggests what most likely is the proper course to be pursued. He recommended a reference and the appointment by the court of a physician. In open court this appeared to be perfectly agreeable to Mr. Sheppard, of counsel for the trust company, who volunteered the statement that his chief concern was for the welfare of the petitioner. The tenor of the affidavit of Mr. Seipp, Mr. Sheppard's law partner, seems to be along the same line, the latter stating: " I respectfully suggest that the court should inquire fully into what has been done." The attitude manifested by these gentlemen seems to me entirely fitting and proper. However, the very papers submitted by them disclose that there is grave uncertainty as to whether the " incompetent " is still incapable of managing properly his affairs. To determine this motion without adequate data might involve the risk of working serious injury which may well be incapable of repair at a future time. A thorough inquiry into the petitioner's condition is manifestly the wish of all the parties.

In the light of that, the motion will be granted to the extent of appointing a referee and a special guardian. The naming of a physician may prove unnecessary, and should it develop otherwise, this may be done at a later date. The determination of the application will, therefore, be held in abeyance until the coming in of the reports of the referee and the special guardian. Settle order.